UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EVELYN GAINES, individually and as mother and      ECF Case
natural guardian of TYLER GAINES,
                              Plaintiff,      FIRST AMENDED ANSWER and COUNTERCLAIM

                v.      08-CV-4229 (RMB)

DISTRICT COUNCIL1707 HEALTH AND INSURANCE
FUND, DISTRICT COUNCIL 1707 HEALTH and
BENEFIT FUND and THE BOARD OF TRUSTEES
OF THE DISTRICT COUNCIL 1707 HEALTH AND
INSURANCE FUND,

                              Defendants.
------------------------------------------------------------------------X

Defendants, **District Council 1707 Health and Insurance Fund, District Council 1707 Health and Benefit Fund and the Board of Trustees of the District Council 1707 Health and Insurance Fund**, in response to Plaintiff's complaint, allege as follows:

1. Deny the allegations contained in paragraph 1 of the complaint, except admit that "District Council 1707 Health and Insurance Fund" was the name of District Council 1707 Health and Benefit Fund prior to September 16, 2003*, and that said Fund had offices located in New York City, New York; and further admit that said Fund was a "self-funded"** employee welfare benefit plan.

_____
* all references to the District Council 1707 Health and *Insurance* Fund in the complaint are answered as if they were directed to the District Council 1707 Health and *Benefit* Fund to reflect the fact that the Fund's name was changed in September 2003 to the District Council 1707 Health and *Benefit* Fund, and that Plaintiff was only a participant in the Health and Benefit Fund.
**the term "self-funded" denotes a plan that does not utilize insurance for payment of claims

2. Admit the allegations contained in paragraph 2 of the complaint.

3. Admit the allegations contained in paragraph 3 of the complaint.

4. Deny the allegations contained in paragraph 4 of the complaint.

5. Deny the allegations contained in paragraph 5 of the complaint.

6. Deny the allegations contained in paragraph 6 of the complaint.

7. Deny the allegations contained in paragraph 7 of the complaint.

8. Deny the allegations contained in paragraph 8 of the complaint.

9. Deny the allegations contained in paragraph 9 of the complaint.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Deny the allegations contained in paragraph 11 of the complaint, except admit that plaintiff was a Participant in the District Council 1707 Health and Benefit Plan between September 1, 2003 and October 31, 2004.

12. Deny the allegations contained in paragraph 12 of the complaint, except admit that plaintiff was a Participant in the District Council 1707 Health and Benefit Plan between September 1, 2003 and October 31, 2004.

13. Deny the allegations contained in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except admit that coverage under the District Council 1707 Health and Benefit Plan was available to eligible

Dependents of plan Participants.

15. Deny the allegations contained in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, except admit the Defendants do provide a summary plan description to eligible Fund Participants.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Deny the allegations contained in paragraph 20 of the complaint.

21. Deny the allegations contained in paragraph 21 of the complaint as they refer to the District Council Health and *Insurance* Fund , but admit that the District Council 1707 Health and *Benefit* Fund sent to Plaintiff a "Subrogation, Assignment of Rights and Reimbursement Agreement".

22. Deny the allegations contained in paragraph 22 of the complaint as they refer to the District Council Health and *Insurance* Fund , and aver that the District Council 1707 Health and *Benefit* Fund sent a letter to Plaintiff on March 17, 2004, and respectfully refer this Court to the letter itself for its complete terms..

23. Deny the allegations contained in paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24 of the complaint.

25.  Admit the allegations contained in paragraph 25 of the complaint.

26.  Admit the allegations contained in paragraph 26 of the complaint.

27.  Deny the allegations contained in paragraph 27 of the complaint.

28.  Deny the allegations contained in paragraph 28 of the complaint.

29.  Deny the allegations contained in paragraph 29 of the complaint.

30.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31.  Deny the allegations contained in paragraph 31 of the complaint.

32.  Paragraph 33 of the complaint can not be responded to as the document speaks for itself, and Defendants refer this Court to the document for its complete terms.

33.  Deny the allegations contained in paragraph 33 of the complaint.

34.  Deny the allegations contained in paragraph 34 of the complaint.

35. Deny the allegations contained in paragraph 35 of the complaint.

36. Deny the allegations contained in paragraph 36 of the complaint.

37. Deny the allegations contained in paragraph 37 of the complaint.

38. Deny the allegations contained in paragraph 38 of the complaint.

39. Deny the allegations contained in paragraph 39 of the complaint.

40. Deny the allegations contained in paragraph 40 of the complaint.

41. Deny the allegations contained in paragraph 41 of the complaint.

42. Deny the allegations contained in paragraph 42 of the complaint.

43. Deny the allegations contained in paragraph 43 of the complaint.

44. Deny the allegations contained in paragraph 44 of the complaint.

45. Deny the allegations contained in paragraph 45 of the complaint.

46. Deny the allegations contained in paragraph 46 of the complaint.

47. Deny the allegations contained in paragraph 47 of the complaint.

48. Deny the allegations contained in paragraph 48 of the complaint.

49. Deny the allegations contained in paragraph 49 of the complaint.

50. Deny the allegations contained in paragraph 50 of the complaint.

51. Repeat and reallege each and every allegation contained in paragraphs 1 through 50 above, in response to paragraph 51 of the complaint.

52. Deny the allegations contained in paragraph 52 of the complaint.

53. Deny the allegations contained in paragraph 53 of the complaint.

54. Deny the allegations contained in paragraph 54 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. The complaint fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. The claims set forth in the complaint are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. The claims set forth in the complaint are preempted by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. 1001 et. seq.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. The defendant Fund is a self funded multiemployer welfare benefit fund, as that term is defined in ERISA, and, as such, is not governed by the New York Code of Rules

and Regulations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. The claims set forth in the complaint should be dismissed for Plaintiff's failure to exhaust administrative remedies prior to the filing thereof.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff was only a Participant in the defendant Funds between September 1, 2003 and October 31, 2004. Any claims incurred before or after that time period are not covered and should not be paid by the Fund.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff is not entitled to any benefits because she failed to sign the Subrogation, Assignment of Rights and Reimbursement Agreements required under the terms of the DC 1707 Health and Welfare Benefit plan for herself and her dependent, Tyler Gaines.

## AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM AGAINST PLAINTIFF EVELYN GAINES

62. On July 17, 2003, Defendant DC 1707 Health and Benefit Fund paid on behalf of Plaintiff Evelyn Gaines $5,698.73 in medical claims for treatment of fecal incontinence.

63. Upon information and belief, this treatment stemmed from events that occurred during the birth of Tyler Gaines.

64. Upon information and belief, Evelyn Gaines has sought recovery from Jacqueline Monaco Bavaro, White Plains Obstetrics and Gynecological Associates, LLP , and

6

White Plains Hospital Medical Center in a legal action, Index Number 645/2005, in the Supreme Court, Bronx County, alleging, among other things, that one, or all, of them caused the incontinence.

65. Under the terms of the DC 1707 Health and Benefit Plan, Ms. Gaines was required to advise the Health Fund that the claims submitted were related to an injury for which another party might bear responsibility.

66. Ms. Gaines did not advise the Fund of this relationship, in violation of the express requirements of the plan.

67. Because Ms. Gaines concealed this information from the Fund, the Fund mistakenly paid $5,673 in benefits for which Ms. Gaines was not entitled.

68. Under the terms of the DC 1707 Health and Benefit Plan, Ms. Gaines was required to execute a Subrogation, Assignment of Rights and Reimbursement Agreement in order for the Fund to pay claims related to the incontinence.

68. Because Ms. Gaines concealed relevant facts from the Fund, the Fund did not know that Ms. Gaines needed to execute the Agreement, and did not require her to do so before paying benefits on her behalf.

69. Ms. Gaines was not entitled to the benefits paid treatment of incontinence.

**WHEREFORE**, Defendants demand judgment dismissing the complaint, ordering Plaintiff Evelyn Gaines to repay the Fund the $5,673 falsely obtained, awarding Defendants costs and disbursements in connection with this action, and for such other and further relief as this court deems just and proper.

Dated: Floral Park, New York

May 16, 2008

                    CAMPBELL & ASSOCIATES, P.C.

                    By:_____/s/_____

                      Daniel T. Campbell (DC 3875 )

                  99 Tulip Avenue
                  Floral Park, New York 11001
                  (516) 352-0300

TO: Richard M. Steigman, Esq.
Gair, Gair, Conason
Steigman & Mackauf
80 Pine Street
New York, New York 10005

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, I electronically filed Defendants' answer to Plaintiff's complaint;

And, I hereby further certify that on May16, 2008, I mailed a copy of the above referenced answer, via the United States Postal Service to:

>Richard Steigman, Esq
>Gair, Gair, Conason
>Steigman & Mackauf
>80 Pine Street
>New York, New York 10005
>Attorneys for Plaintiff

_____**/S/**_____
Daniel T. Campbell (3875)

G:\New Documents\1707.Health.&.Benefit\Gaines v. DC 1707\Amended. ans.wpd