UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EVELYN GAINES, individually and as mother and
natural guardian of TYLER GAINES,

                                    Plaintiff,

                                                            08-CV-4229
                                                            (RMB)

            -against-


DISTRICT COUNCIL 1707 HEALTH AND
INSURANCE FUND, DISTRICT COUNCIL 1707
HEALTH AND BENEFIT FUND and THE BOARD OF
TRUSTEES OF THE DISTRICT COUNCIL 1707 HEALTH
AND INSURANCE FUND,

                                    Defendants.
-------------------------------------------------------------------------X

To:     Dan Campbell
        Law Offices of Dan Campbell Associates, P.C.
        99 Tulip Avenue, Suite 404
        Floral Park, New York 11001


### NOTICE FOR DISCOVERY AND INSPECTION

Plaintiff, EVELYN GAINES, individually and as mother and natural guardian of TYLER

GAINES, demands that you produce and permit discovery by the plaintiffs, their attorneys, or anther

action on their behalf, the following documents and things for inspection, copying or photocopying:

1.      A complete copy of the health insurance policy under which plaintiff, EVELYN

GAINES was provided with health insurance coverage by the defendants.

2.      Copies of all documentation, letters and/or correspondence, including insurance

benefit information and plan summaries, sent by or provided to plaintiff, EVELYN GAINES by the

defendants.

3.      Copies of all letters and correspondence received from plaintiff, EVELYN

GAINES in the possession of the defendants.

4.    Any and all submissions for reimbursement for medical expenses from health care providers for treatment of plaintiff, EVELYN GAINES and TYLER GAINES for dates of treatment form July 17, 2003 to the present.

5.    Documents pertaining to any and all claims paid on behalf of plaintiff, EVELYN GAINES and TYLER GAINES by the defendants for dates of treatment from July 17, 2003 to present.

6.    Documents evidencing the effective dates of health insurance coverage provided to EVELYN GAINES and TYLER GAINES by the defendants.

Dated: New York, New York
June 18, 2008

Yours, etc.,
GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
Attorneys for Plaintiffs
Office & P.O. Address
80 Pine Street
New York, NY 10005
(212) 943-1090

By: _____
RICHARD M. STEIGMAN (RMS-2517)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK   )

I, **Jazmin Parra**, being sworn say: I am not a party to the action, am over 18 years of age and reside in Queens Village, New York.

On June 18, 2008, I served a true copy of the annexed **NOTICE FOR DISCOVERY AND INSPECTION** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service with the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:    CAMPBELL & ASSOCIATES, P.C.
       99 Tulip Avenue, Suite 404
       Floral Park, New York 11001

Jazmin Parra

Sworn to before me on
June 18, 2008

Notary Public

CAROLINE MONTESDEOCA
Notary Public, State of New York
No. 01MO6065323
Certificate Filed in Queens County
Commission Expires April 13, 20__

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK    Index #:08-CV-4229 (RMB)

EVELYN GAINES, INDIVIDUALLY AND AS MOTHER
AND NATURAL GUARDIAN OF TYLER GAINES, AN INFANT,

Plaintiffs,

- against -

DISTRICT COUNCIL 1707 HEALTH AND INSURANCE FUND,
DISTRICT COUNCIL 1707 HEALTH AND BENEFIT FUND and
THE BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 1707
HEALTH AND INSURANCE FUND,

Defendants.

NOTICE FOR DISCOVERY AND INSPECTION

GAIR, GAIR, CONASON, STEIGMAN & MACKAUF
Attorneys for Plaintiff
80 Pine Street
New York, New York 10005
(212) 943-1090

Notice of Entry

Please take notice that the within is a certified copy of a    duly entered in the
office of the Clerk of the within named Court on                          , 2008.

Dated:              , 2008

Notice of Settlement

Please take notice that an       , of which the within is a true copy, will be presented
for settlement to the Hon.
County, on the        day of              , 2008.    , at the              Court,

Dated:              , 2008

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EVELYN GAINES, individually and as mother and
natural guardian of TYLER GAINES,

                                      Plaintiff,

             -against-

DISTRICT COUNCIL 1707 HEALTH AND
INSURANCE FUND, DISTRICT COUNCIL 1707
HEALTH AND BENEFIT FUND and THE BOARD OF
TRUSTEES OF THE DISTRICT COUNCIL 1707 HEALTH
AND INSURANCE FUND,

                                    Defendants.

---------------------------------------------------------------X

08-CV-4229
(RMB)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

To:   Law Offices of Campbell & Associates, P.C.
       99 Tulip Avenue, Suite 404
       Floral Park, New York 11001

1.   Plaintiff objects to Interrogatory #1 as improper as it calls for a legal conclusion.

2.   Plaintiff objects to Interrogatory #2 as improper as it calls for information exclusively

     within the possession and control of the defendants.

3.   Upon information and belief, plaintiff Evelyn Gaines participated in the DC 1707

     Health and Benefit Fund, DC 1707 Health and Insurance Fund from February 4, 1995

     through October 31, 2004. The basis upon which this information was determined

     was conversations with plaintiff Evelyn Gaines.

4.   The medical claims submitted to DC 1707 Health and Benefit Fund, DC 1707 Health

     and Insurance Fund were caused by and/or related to injuries sustained by plaintiff

     Evelyn Gaines during the delivery of the infant plaintiff, Tyler Gaines.

5. The treatment for which Plaintiff Evelyn Gaines claims benefits from the defendants are as follows: surgical intervention in the nature of sphincteroplasty with levatoplasty (Evelyn Gaines for treatment of rectovaginal fistula injury sustained during the delivery); surgical intervention in the nature of exploration and repair of the brachial plexus on the left side (Tyler Gaines for treatment of left Erb's Palsy injury sustained during the delivery); surgical intervention in the nature of external neurolysis and decompression of left median and intraoperative nerve testing of left median, musculocutaneous and radial nerves, musculocutaneous and radial nerves (Tyler Gaines for treatment of left Erb's Palsy injury sustained during the delivery) and surgical intervention in the nature of left wrist capsulodesis (Tyler Gaines for treatment of left Erb's Palsy injury sustained during the delivery).

6. Not applicable as plaintiff answered in the affirmative to Interrogatory #4.

7. Plaintiff objects to Interrogatory #17 as it seeks knowledge that is exclusively within the possession and control of the defense. Without waiving the objection, in addition to the allegations stated within plaintiffs' Complaint, plaintiff relies upon the language contained within the defendants' Summary Plan Description to assert that coverage should have been provided by the defendants. The language from the Summary Plan Description states as follows:

NOTICE FROM THE TRUSTEES:

- The Board of Trustees is pleased to present you with this booklet summarizing the benefits provided by the District Council 1707 Health and Insurance Fund.

- In most cases, the benefits by the fund will be your primary source for health care coverage.

- We believe that the Fund provides an excellent array of benefits which will meet most of your health care expenses for illness and injuries.

**Page 4:**

5.

INITIAL COVERAGE:

HOW DO I BECOME COVERED?

You will become eligible to receive benefits on the first day of the month that contributions are required to be made on your behalf by your employer to the District Council 1707 Health and Insurance Fund.

During the first month for which contributions are made, you will be eligible for the following benefits:

- Basic Hospitalization

- Comprehensive Major Medical

- Death & Dismemberment

On the first day of the month following the 3rd consecutive monthly employer contribution was made on your behalf (for example, if your employer is required to start contributions for you in March and continue for April and May), you and your dependents become eligible June 1st for the following additional benefits:

- Routine Medical Checkup

- Dental*

- Co-Pay Prescription Drug Card*

- Optical

**Page 5:**

7.

ONCE I AM COVERED, HOW DOES MY COVERAGE CONTINUE?

You will remain covered as long as you are employed in any agency covered by a collective bargaining agreement between your employer and District Council 1707, which requires contributions to be made on your behalf.

-3-

TERMINATION OF COVERAGE

8.    WHEN WILL MY COVERAGE STOP?

Your coverage will stop on the last day of the month in which contributions on your behalf are paid to the Fund as required under any agreement.

**Page 6:**

DEPENDENTS

10.    WHO ARE MY ELIGIBLE DEPENDENTS FOR PURPOSES OF THIS PLAN?

Your eligible dependents include your lawful spouse, your "same sex domestic partner" (provided the criteria is met), and your unmarried children form birth to their 19th birthday

**Page 7:** 11.    WHEN ARE MY DEPENDENTS ELIGIBLE FOR COVERAGE UNDER THE PLAN?

Coverage for your dependents starts on the date your coverage starts or on the date you acquire an eligible dependent, if you are covered on that date.

12.    FOR WHAT BENEFITS ARE MY DEPENDENTS COVERED?

The Summary of Benefits on page 23 and each benefit explanation describes the benefits available for your eligible dependents.

13.    WHEN DOES COVERAGE FOR MY DEPENDENTS STOP?

Their coverage stops when yours stops.

**Page 8:**

MEDICAL BENEFITS

14.    WHERE CAN I FIND OUT ABOUT HEALTH CARE BENEFITS?

The next part of the booklet contains both a brief summary and a detailed explanation of the benefits for you and your dependents provided by the fund.

15.    ARE THERE ANY LIMITATIONS ON THE COVERAGE FOR HEALTH CARE EXPENSES?

Yes. Coverage is limited to certain maximum amounts and there are other limitations, as explained in the benefit section of this booklet. Only recognized charges will be considered. Expenses incurred without the direction of a physician are not covered. Further, only charges incurred while the patient is covered under the Fund will be considered for coverage.

<u>Page 12:</u>

PART B

BENEFIT PLAN DESCRIPTION

SUMMARY OF BENEFITS

• In-Patient Hospital Benefits

• Hospice Care

• Out-Patient Hospital Charges

• Preferred Provider Benefits

• Major Medical

• Surgical Benefits

• Anesthesia Benefits

• Home Health Care

• Dental, Drug Card, Optical

<u>Page 13:</u>

HOSPITAL BENEFITS

(Employees and Eligible Dependents)

-5-

- As a registered bedpatient in any legally constituted general hospital, as defined by the fund, you and your enrolled dependents are each eligible to receive the following benefits.

<u>Page 16</u>

HOSPITAL BENEFIT EXCLUSIONS

Hospital Benefits are not provided for:

1. Confinement for sanitarium-type, custodial or convalescent care, or for rest cures, or for care in a hospital for long-term case;

2. Hospital confinements or any period of hospital confinement primarily for diagnostic studies; Worker's Compensation cases; hospitalization furnished under federal, state or other laws (except Medicaid), or a hospital operated by the United States;

3. Ambulance Service or ambulette, except as provided for under Hospice care;

4. Home Health Care;

5. Care in an institution which does not routinely bill and collect charges from patients;

6. Services of physicians or private or special nurses, or other private attendants;

7. Any loss, or portion thereof, for which mandatory automobile coverage, including but not limited to a situation where no-fault benefits are recovered or recoverable;

8. Any services or treatment listed under "Benefit Exclusions" on page 25.

9. Confinement for diagnostic studies, physiotherapy, rehabilitation or for cosmetic surgery and for dentistry except as a result of an accident which occurred while covered.

Additionally, all exclusions listed in the "GENERAL EXCLUSIONS" sections beginning on page 25 apply to your hospital benefits as well.

**Page 20:**

COVERED EXPENSES

Your PPO Program covers medically necessary services by licensed health care providers who participate in the MultiPlan PPO Network. Network provider's services must be practicing within the scope of their license.

• Surgical services for treatment of an illness or injury, including services mandated by the Women's Health and Cancer Rights Act of 1998.

**Page 23:**

EXCLUSIONS AND LIMITATIONS

All exclusions and limitations indicated on page 25 apply to your MultiPlan PPO coverage. In other words, all Plan guidelines apply to the MultiPlan PPO coverage.

MAJOR MEDICAL

LIMITATIONS AND EXCLUSIONS

As stated before, all treatment not specifically included under Eligible Expenses is excluded from coverage. In addition, all exclusions on pages 25 apply to this coverage.

**Page 24:**

The SURGICAL BENEFITS

You will be reimbursed 80% of the Fund's recognized fees, as determined by the Trustees and on file in the Fund Office, for operations performed by a legally qualified physician or surgeon.

**Page 25:**

GENERAL EXCLUSIONS

The fund will not make benefit payments for, or reimburse any part of, expenses incurred for, caused by or resulting from: [see all exclusions listed on pages 25 through 27 of the defendants' Summary Plan Description].

Page 34:

## NON-DUPLICATION AND COORDINATION OF BENEFITS

The purpose of the benefits by the Fund is to help you pay your medical bills.

Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

8.  The New York State laws it is claimed that the defendants violated includes Title 11 of the New York Code of Rules and Regulations and the antisubrogation rule. It is also claimed that the defendants are illegally attempting to transfer their cause of action. The facts upon which these claims are based is the defendants' failure to reimburse the plaintiffs' medical providers for treatment rendered when plaintiff Evelyn Gaines participated in the DC 1707 Health and Benefit Fund and/or DC 1707 Health and Insurance Fund unless and until plaintiff Evelyn Gaines executed the defendants' Subrogation, Assignment of Rights and Reimbursement Agreement. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

9.  Plaintiff objects to Interrogatory #9 as improper as it calls for a legal conclusion.

10. Plaintiff objects to Interrogatory #10 as it seeks knowledge that is exclusively within the possession and control of the defense. Without waiving the objection, the Summary Plan Description states that defendants will provide coverage to plaintiff Evelyn Gaines for in-patient hospital benefits; hospice care; out-patient hospital charges; preferred provider benefits; major medical; surgical benefits; anesthesia benefits; home health care; and dental, drug card and optical in PART B BENEFIT PLAN DESCRIPTION SUMMARY OF BENEFITS located on page 12 of the

Summary Plan Description. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

11.    Plaintiff objects to Interrogatory #11 as improper as it calls for a legal conclusion. Without waiving the objection, the subrogation clause contained in the Summary Plan Description is unenforceable. The language of the subrogation clause entitles the defendants to reimbursement of the total amount of benefits paid on behalf of plaintiffs Evelyn Gaines and Tyler Gaines regardless of the fact that the plaintiffs would not be permitted to recover this money at trial pursuant to CPLR §4545(c).

The language of the subrogation clause cannot be enforced in that it requires the plaintiffs to repay the defendants for medical expenses where none of the money awarded at settlement or judgment would be allocated to past, present or future medical expenses.

Further, New York State law requires that any settlement or judgment involving an infant must be compromised prior to the disbursement of funds. Only a Court by an Order issued after review and approval of an infant compromise petition may authorize the disbursement of funds for an infant, for the payment of attorney's fees and for any claimed liens. The language of the defendants' subrogation clause fails to recognize the role of the New York State court in seeking to protect the rights of infants and thus renders the subrogation clause unenforceable.

The subrogation clause is also unenforceable as the Subrogation, Assignment of Rights and Reimbursement Agreement that the defendants would require plaintiff

-9-

Evelyn Gaines to execute prior to paying the plaintiffs' medical expenses contains clauses that extend beyond the subrogation provisions of the contract.

Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

12.     Plaintiff objects to Interrogatory #12 as improper as it calls for a legal conclusion. Without waiving the objection, see response to Interrogatory #11. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

13.     The action taken by the defendants that violates Title 11 of the New York Code of Rules and Regulations is the failure of the defendants to provide coverage for the plaintiffs' medical treatment as required by law. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

14.     Liens have been claimed by the following providers for medical treatment rendered to the plaintiffs: Dr. Rahul Nath and Texas Children's Hospital, Houston, Texas (medical expenses for surgeries performed on October 21, 2003, February 17, 2004 and June 28, 2004 for plaintiff Tyler Gaines); Dr. Lester Gottesman (medical expenses for surgery performed on October 5, 2004 for plaintiff Evelyn Gaines). The defendants have violated Title 11 of the New York Code of Rules and Regulations by failing to pay the above medical expenses. Plaintiff Evelyn Gaines has therefore become responsible for payment of these liens.

15.     Plaintiff objects to Interrogatory #15 as improper as it calls for a legal conclusion.

15(b).  To the extent that the defendants have a right of subrogation, the defendants may only recover money allocated to past, present or future medical expenses. Pursuant to CPLR §4545(c), the plaintiff's cannot recover past, present or future medical expenses at trial. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

16.     Plaintiff objects to Interrogatory #16 as improper as it calls for a legal conclusion.

17.     Plaintiff objects to Interrogatory #17 as it seeks knowledge that is exclusively within the possession and control of the defense. Without waiving the objection, the documents and wording stating that the defendants are contractually obligated to provide health benefits to the plaintiff's prior to execution of the defendants' Subrogation Agreement are stated with the defendants Summary Plan Description as follows:

NOTICE FROM THE TRUSTEES:

•   The Board of Trustees is pleased to present you with this booklet summarizing the benefits provided by the District Council 1707 Health and Insurance Fund.

•   In most cases, the benefits by the fund will be your primary source for health care coverage.

•   We believe that the Fund provides an excellent array of benefits which will meet most of your health care expenses for illness and injuries.

Page 2:

-11-

**Page 4:**

5.  **HOW DO I BECOME COVERED?**

You will become eligible to receive benefits on the first day of the month that contributions are required to be made on your behalf by your employer to the District Council 1707 Health and Insurance Fund.

During the first month for which contributions are made, you will be eligible for the following benefits:

- Basic Hospitalization

- Comprehensive Major Medical

- Death & Dismemberment

**Page 5:**

On the first day of the month following the 3rd consecutive monthly employer contribution was made on your behalf (for example, if your employer is required to start contributions for you in March and continue for April and May), you and your dependents become eligible June 1st for the following additional benefits:

- Routine Medical Checkup

- Dental*

- Co-Pay Prescription Drug Card*

- Optical

7.  **ONCE I AM COVERED, HOW DOES MY COVERAGE CONTINUE?**

You will remain covered as long as you are employed in any agency covered by a collective bargaining agreement between your employer and District Council 1707, which requires contributions to be made on your behalf.

-12-

TERMINATION OF COVERAGE

8.    WHEN WILL MY COVERAGE STOP?

Your coverage will stop on the last day of the month in which contributions on your

behalf are paid to the Fund as required under any agreement.

**Page 6:**

DEPENDENTS

10.    WHO ARE MY ELIGIBLE DEPENDENTS FOR PURPOSES OF THIS PLAN?

Your eligible dependents include your lawful spouse, your "same sex domestic

partner" (provided the criteria is met), and your unmarried children from birth to their

19th birthday

**Page 7: 11.    WHEN ARE MY DEPENDENTS ELIGIBLE FOR COVERAGE UNDER THE**

**PLAN?**

Coverage for your dependents starts on the date your coverage starts or on the date

you acquire an eligible dependent, if you are covered on that date.

12.    FOR WHAT BENEFITS ARE MY DEPENDENTS COVERED?

The Summary of Benefits on page 23 and each benefit explanation describes the

benefits available for your eligible dependents.

13.    WHEN DOES COVERAGE FOR MY DEPENDENTS STOP?

Their coverage stops when yours stops.

**Page 8:**

MEDICAL BENEFITS

14.    WHERE CAN I FIND OUT ABOUT HEALTH CARE BENEFITS?

The next part of the booklet contains both a brief summary and a detailed explanation

of the benefits for you and your dependents provided by the fund.

15.    ARE THERE ANY LIMITATIONS ON THE COVERAGE FOR HEALTH CARE

EXPENSES?

Yes.    Coverage is limited to certain maximum amounts and there are other

limitations, as explained in the benefit section of this booklet.    Only recognized

charges will be considered.    Expenses incurred without the direction of a physician

are not covered.    Further, only charges incurred while the patient is covered under the

Fund will be considered for coverage.

Page 12:

PART B

BENEFIT PLAN DESCRIPTION

SUMMARY OF BENEFITS

*    In-Patient Hospital Benefits

*    Hospice Care

*    Out-Patient Hospital Charges

*    Preferred Provider Benefits

*    Major Medical

*    Surgical Benefits

*    Anesthesia Benefits

*    Home Health Care

*    Dental, Drug Card, Optical

Page 13:

HOSPITAL BENEFITS

(Employees and Eligible Dependents)

*    As a registered bedpatient in any legally constituted general hospital, as

defined by the fund, you and your enrolled dependents are each eligible to

receive the following benefits.

-14-

Page 16:

## HOSPITAL BENEFIT EXCLUSIONS

Hospital Benefits are not provided for:

1.  Confinement for sanitarium-type, custodial or convalescent care, or for rest cures, or for care in a hospital for long-term case;

2.  Hospital confinements or any period of hospital confinement primarily for diagnostic studies; Worker's Compensation cases; hospitalization furnished under federal, state or other laws (except Medicaid), or a hospital operated by the United States;

3.  Ambulance Service or ambulette, except as provided for under Hospice care;

4.  Home Health Care;

5.  Care in an institution which does not routinely bill and collect charges from patients;

6.  Services of physicians or special nurses, or other private attendants;

7.  Any loss, or portion thereof, for which mandatory automobile coverage, including but not limited to a situation where no-fault benefits are recovered or recoverable;

8.  Any services or treatment listed under "Benefit Exclusions" on page 25.

9.  Confinement for diagnostic studies, physiotherapy, rehabilitation or for cosmetic surgery and for dentistry except as a result of an accident which occurred while covered.

Additionally, all exclusions listed in the "GENERAL EXCLUSIONS" sections beginning on page 25 apply to your hospital benefits as well.

-15-

**Page 20:**

COVERED EXPENSES

Your PPO Program covers medically necessary services by licensed health care providers who participate in the MultiPlan PPO Network. Network provider's services must be practicing within the scope of their license.

- Surgical services for treatment of an illness or injury, including services mandated by the Women's Health and Cancer Rights Act of 1998.

**Page 23:**

EXCLUSIONS AND LIMITATIONS

All exclusions and limitations indicated on page 25 apply to your MultiPlan PPO coverage. In other words, all Plan guidelines apply to the MultiPlan PPO coverage.

MAJOR MEDICAL

LIMITATIONS AND EXCLUSIONS

As stated before, all treatment not specifically included under Eligible Expenses is excluded from coverage. In addition, all exclusions on pages 25 apply to this coverage.

**Page 24:**

The SURGICAL BENEFITS

You will be reimbursed 80% of the Fund's recognized fees, as determined by the Trustees and on file in the Fund Office, for operations performed by a legally qualified physician or surgeon.

GENERAL EXCLUSIONS

**Page 25:**

The fund will not make benefit payments for, or reimburse any part of, expenses incurred for, caused by or resulting from: [see all exclusions listed on pages 25 through 27 of the defendants' Summary Plan Description].

Page 34:

NON-DUPLICATION AND COORDINATION OF BENEFITS

The purpose of the benefits by the Fund is to help you pay your medical bills.

Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

18.  The subrogation clause contained within the SPD is unfair, impairs the plaintiffs' rights and is thus unconscionable. The subrogation clause is unconscionable in that it seeks to take the settlement award allocated solely for the recovery of the plaintiffs' pain and suffering in order to pay for outstanding medical expenses. The settlement award cannot be the source of recovery of past medical expenses for the defendants as this would be violative of CPLR §4545(c), as explained more fully in plaintiff's responses to Interrogatories #11 and #15(b).   Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

19.  Plaintiffs need not comply with the Subrogation Agreement as it is unconscionable and a contract provision that is unconscionable is void as against public policy. Please also see plaintiff's response #18 above.  Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

20.  The persons who prepared and assisted in the preparation of the answers to these interrogatories are as follows:

Richard M. Steigman, Partner

Lynne Kurtz-Citrin, Associate.

-17-

Dated: New York, New York
August 7, 2008

Yours, etc.,
GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
Attorneys for Plaintiffs
Office & P.O. Address
80 Pine Street
New York, NY 10005
(212) 943-1090

By: _____

RICHARD M. STEIGMAN (RMS-2517)

-18-

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NEW YORK )

I, **Jazmin Parra**, being sworn say: I am not a party to the action, am over 18 years of age and reside in Queens Village, New York.

On August 7, 2008, I served a true copy of the annexed **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service with the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:    Law Offices of CAMPBELL & ASSOCIATES, P.C.
       99 Tulip Avenue, Suite 404
       Floral Park, New York 11001

Sworn to before me on
August 7, 2008

_____
Notary Public

CAROL A. JACOBS
Notary PUBLIC, State of New York
No. 01JA6767203
Qualified in New York County
Commission Expires

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK    Index #:08-CV-4229 (RMS)

EVELYN GAINES, INDIVIDUALLY AND AS MOTHER
AND NATURAL GUARDIAN OF TYLER GAINES, AN INFANT,

Plaintiffs,

- against -

DISTRICT COUNCIL 1707 HEALTH AND INSURANCE FUND,
DISTRICT COUNCIL 1707 HEALTH AND BENEFIT FUND and
THE BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 1707
HEALTH AND INSURANCE FUND,

Defendants.

_____

PLAINTIFFS' RESPONSE TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

_____

GAIR, GAIR, CONASON, STEIGMAN & MACKAUF
Attorneys for Plaintiff
80 Pine Street
New York, New York  10005
(212) 943-1090

_____

Notice of Entry

Please take notice that the within is a certified copy of a            duly entered in the
office of the Clerk of the within named Court on                        , 2008.

Dated:            , 2008

Notice of Settlement

Please take notice that an            , of which the within is a true copy, will be presented
for settlement to the Hon.            , at the            Court,
County, on the    day of    , 2008.

Dated:            , 2008