UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVELYN GAINES, individually and as mother and
natural guardian of TYLER GAINES,

                        Plaintiff,

          -against-

DISTRICT COUNCIL 1707 HEALTH AND
INSURANCE FUND, DISTRICT COUNCIL 1707
HEALTH AND BENEFIT FUND and THE BOARD OF
TRUSTEES OF THE DISTRICT COUNCIL 1707 HEALTH
AND INSURANCE FUND,

                        Defendants.
------------------------------------------------------------X

08-CV-4229
(RMB)

To:   Law Offices of Campbell & Associates, P.C.
       99 Tulip Avenue, Suite 404
       Floral Park, New York 11001

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

1. Plaintiff objects to Interrogatory #1 as improper as it calls for a legal conclusion. Without waiving said objection, the DC 1017 Health and Benefit, DC 1707 Health and Insurance Fund is an insurer providing insurance as it is the entity that was contracted to provide plaintiff Evelyn Gaines and her son, Tyler Gaines, with health care coverage for illnesses and injuries. This medical coverage included in-patient hospital benefits, hospice care, out-patient hospital charges, preferred provider benefits, major medical, surgical benefits, anesthesia benefits, home health care and dental, drug card, optical. The Fund is an insurer as it contracted with the employer of Mrs. Gaines to supply these medical benefits and the employer made contributions to the Fund on Mrs. Gaines's behalf. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

2.  Plaintiff objects to Interrogatory #2 as it calls for information exclusively within the possession and control of the defendants. Without waiving said objection, the Fund is a self insured multiple employee welfare arrangement in that it is an employee welfare benefit plan or any other arrangement established or maintained for the purpose of offering or providing any benefit described in paragraph (1) of 29 USCA §1002 to the employees of two or more employers (including one or more self-employed individuals), or to their beneficiaries (see 29 USCA §1002[40]). Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

15.  Plaintiff objects to Interrogatory #15 as improper as it calls for a legal conclusion. Without waiving said objection, the defendants are obligated to pay the outstanding claims of health care providers who rendered treatment to Mrs. Gaines and Tyler Gaines while Mrs. Gaines participated in the DC 1017 Health and Benefit, DC 1707 Health and Insurance Fund. The defendants have avoided paying these outstanding medical claims by requiring Mrs. Gaines to sign a subrogation agreement prior to making the benefit payments on plaintiff's behalf. For the reasons stated more fully in plaintiffs' responses to Interrogatories numbers 11, 13, 15b, 18 and 19, Mrs. Gaines cannot sign the subrogation agreement as the language of the subrogation clause entitles the defendants to reimbursement of the total benefits paid on behalf of the plaintiffs regardless of the fact that the plaintiffs would not be permitted to recover this money at trial pursuant to CPLR §4545(c). Further, Mrs. Gaines could not sign the subrogation agreement because in New York only a Court by an Order issued after review and approval of an infant compromise petition may authorize the disbursement of funds for an infant including for any claimed liens, and the subrogation agreement the defendants would require Mrs. Gaines to sign prior to paying the medical expenses of herself and her son does not comport with the subrogation clause of the Summary Plan

-2-

Description. Thus, the subrogation agreement violates New York State law and is unconscionable. This was previously explained to counsel for the defendants by plaintiff's counsel since approximately May of 2005 to date, yet the defendants still refuse to pay for Mrs. Gaines's outstanding medical expenses. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

16.    Plaintiff objects to Interrogatory #16 as improper as it calls for a legal conclusion. Without waiving said objection, the defendants illegally attempted to transfer their cause of action by refusing to pay plaintiff's medical expenses because Mrs. Gaines could not execute the subrogation agreement as it violates New York State law and is unconscionable. The defendants were the providers of medical coverage to Mrs. Gaines and were responsible for the medical expenses of Mrs. Gaines and her son Tyler until October 31, 2004, but instead the defendants improperly placed the financial burden on Mrs. Gaines and made her responsible for the cost of medical expenses related to her injuries caused by a third party. Rather than requiring that Mrs. Gaines sign the subrogation agreement, the defendants should have paid Mrs. Gaines's outstanding medical claims and then sought to recover the cost of these medical expenses from the third party based upon a right of reimbursement. Plaintiff reserves the right to supplement the response to this Interrogatory following discovery of all relevant documentation and witnesses in this matter.

Dated: New York, New York
September 2, 2008

Yours, etc.,
GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
Attorneys for Plaintiffs
Office & P.O. Address
80 Pine Street
New York, NY 10005
(212) 943-1090

By: _____
RICHARD M. STEIGMAN (RMS-2517)

-3-

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF NEW YORK  )

I, **Jazmin Parra**, being sworn say: I am not a party to the action, am over 18 years of age and reside in Queens Village, New York.

On September 2, 2008, I served a true copy of the annexed **PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service with the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:   CAMPBELL & ASSOCIATES, P.C.
      99 Tulip Avenue, Suite 404
      Floral Park, New York 11001

                                    _____
                                    Jazmin Parra

Sworn to before me on
September 2, 2008

_____
Notary Public

CAROLINE MONTESDEOCA
Notary Public, State of New York
No. 01MO6095323
Certificate Filed in Queens County
Commission Expires April 13, 20__

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK          Index #:08-CV-4229 (RMS)
---------------------------------------------------------------
EVELYN GAINES, INDIVIDUALLY AND AS MOTHER
AND NATURAL GUARDIAN OF TYLER GAINES, AN INFANT,

                                        Plaintiffs,

- against -

DISTRICT COUNCIL 1707 HEALTH AND INSURANCE FUND,
DISTRICT COUNCIL 1707 HEALTH AND BENEFIT FUND and
THE BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 1707
HEALTH AND INSURANCE FUND,

                                        Defendants.
---------------------------------------------------------------

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

---------------------------------------------------------------

GAIR, GAIR, CONASON, STEIGMAN & MACKAUF
Attorneys for Plaintiff
80 Pine Street
New York, New York  10005
(212) 943-1090

---------------------------------------------------------------

Notice of Entry

Please take notice that the within is a certified copy of a           duly entered in the
office of the Clerk of the within named Court on              ,      , 2008.

Dated:             , 2008

Notice of Settlement

Please take notice that an              , of which the within is a true copy, will be presented
for settlement to the Hon.                        , at the                    Court,
County, on the    day of              , 2008.

Dated:             , 2008